UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARA MURRAY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMAL WHITEHEAD, Federal Judge in his Administrative Capacity; and UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON, administrative capacity,<br><br>　　　　　Defendants. | No. 2:25-CV-00312-SAB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT, DISMISSING MATTER WITH PREJUDICE** |

    Before the Court are Plaintiff's Motion for Leave to file Amended Complaint, ECF No. 8, and Motion for Preliminary Injunction, ECF No. 9. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served. The motions were considered without oral argument.

    First, Fed. R. Civ. P. 15(a) provides that a party may amend its pleading "once as a matter of course." Defendants have not been served in this matter. As such, the Court **grants** Plaintiff's motion to amend her Complaint, and it accepts the filing at ECF No. 13 as the operative First Amended Complaint.

    However, the Court now **dismisses** Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted and for bringing a

**ORDER DISMISSING FIRST AMENDED COMPLAINT, DISMISSING MATTER** ~ 1

frivolous claim, for the reasons following.

Finally, the Court **dismisses as moot** Plaintiff's request for a preliminary injunction.

## I. SECTION 1915(e) STANDARD

Pursuant to 28 U.S.C. § 1915(e), a court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*, regardless of if they are a prisoner or not. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Section 1915(e)(2)(B) provides that a court shall dismiss a case at any time—and before service of process—when:

> (B) the action or appeal —
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

A claim is legally frivolous when it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded on other grounds by statute*, 28 U.S.C. § 1915(e). The claim must have an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded on other grounds by statute*, 28 U.S.C. § 1915(e). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Further, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. The reviewing court must take all allegations of material fact as true and construe them in a light most favorable to the plaintiff. *Id*. Mere legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**ORDER DISMISSING FIRST AMENDED COMPLAINT, DISMISSING MATTER** ~ 2

The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## II.    BACKGROUND

Plaintiff filed her Complaint, ECF No. 1, in the Western District of Washington on January 30, 2025. The case was transferred to this Court due to conflict on February 21, 2025, and Plaintiff was granted *in forma pauperis* status on March 18, 2025. Plaintiff filed her First Amended Complaint with a jury trial demand on March 18, 2025.

In her First Amended Complaint, Plaintiff alleges Defendants violated her rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

She claims in a separate case in the U.S. District Court for the Western District of Washington, Case No. 2:24-CV-00239, Judge Whitehead failed to provide her with ADA accommodations, resulting in ongoing harm and exacerbation of her PTSD-related brain injuries. She further alleges Defendants acted with deliberate indifference to her disabilities by repeatedly denying her legal counsel and relief from procedural barriers.

She seeks injunctive relief in Case No. 2:24-CV-00239 to ensure Defendants comply with ADA requirements, appoint her legal counsel, modify the 15-page limit on filings, and assign the case to a federal judge outside of the District of Washington; declaratory relief finding Defendants violated Title II of the ADA and Section 504; a disqualification of Judge Whitehead; compensatory damages; and costs and fees.

//
//
//

**ORDER DISMISSING FIRST AMENDED COMPLAINT, DISMISSING MATTER ~ 3**

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT

**a.  Legal Standard**

It is well-settled law that judges have absolute immunity from lawsuits seeking damages from their actions performed in their official capacities. *See Forrester v. White*, 484 U.S. 219, 225 (1988). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985).

Under Title II of the ADA, those who qualify as disabled cannot be "denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, Title II of the ADA does not apply to the federal government because it is not a "public entity" as defined by 42 U.S.C. § 12131(1). *See also Drevaleva v. Dep't of Veterans Affairs*, 835 Fed. App'x 221, 223 (9th Cir. 2020) ("[T]he federal government is excluded from the coverage of the ADA).

Finally, Section 504 of the Rehabilitation Act of 1973 applies to "any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). A "program or activity" under the regulation does not include federal district courts under Article III of the U.S. Constitution. *See* 29 U.S.C. § 794(b).

**b.  Analysis**

Plaintiff seeks what this Court cannot provide. If she disagrees with a ruling made by a court adjudicating her case—such as for the appointment of counsel or modification of a page limit—she can seek review of the order on appeal.

Further, Plaintiff seeks monetary damages against Judge Whitehead. However, Judge Whitehead is absolutely immune from such a lawsuit because he acted in his official capacity in issuing the rulings with which Plaintiff disagrees. *See Ashelman*, 793 F.2d at 1075–76.

**ORDER DISMISSING FIRST AMENDED COMPLAINT, DISMISSING MATTER ~ 4**

Plaintiff also seeks recovery under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973. However, as a federal judicial entity, the Western District of Washington is not subject to suit under either statute.

As such and pursuant to § 1915(e)(2)(B)(i), (ii), and (iii), the Court **dismisses** Plaintiff's First Amended Complaint for failure to state a claim on which relief may be granted; for bringing a frivolous claim that lacks an arguable basis in law or fact, see *Neitzke*, 490 U.S. at 325; and for seeking monetary relief from a defendant who is immune from such action, see *Forrester*, 484 U.S. at 225.

### IV.    NO AMENDMENT

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, 28 U.S.C. § 1915(e)(2).

The Court finds amendment futile because Defendant Whitehead was acting in his judicial capacity and receives absolute judicial immunity, and the Western District of Washington is not subject to suit under either the ADA or the Rehabilitation Act.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Leave to file Amended Complaint, ECF No. 8, is **GRANTED**. The Complaint filed at ECF No. 13 is the operative First Amended Complaint.

2.    Plaintiff's Motion for Preliminary Injunction, ECF No. 9, is **DISMISSED as moot**.

3.    The Court **DISMISSES with prejudice** the First Amended Complaint, ECF No. 13, for failure to state a claim upon which relief can be granted and for bringing a frivolous claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

4.    The Court finds amendment futile in this matter and therefore **denies**

ORDER DISMISSING FIRST AMENDED COMPLAINT, DISMISSING MATTER ~ 5

further amendment.

5.  Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

6.  This matter is **DISMISSED with prejudice**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to *pro se* Plaintiff, and **close** the file.

**DATED** this 27th day of March 2025.

_____
Stanley A. Bastian
United States District Judge

**ORDER DISMISSING FIRST AMENDED COMPLAINT, DISMISSING MATTER ~ 6**